**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JULIO CESAR OLIVAR,<br>AKA Julio Cesar Olivar-Fernandez,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 12-70895<br><br>Agency No. A029-797-716<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 28, 2013
Seattle, Washington

Before: HAWKINS, McKEOWN, and CLIFTON, Circuit Judges.

Petitioner Julio Cesar Olivar seeks deferral of removal under the Convention

Against Torture.  The IJ granted his petition, but the BIA sustained the Department

of Homeland Security's appeal of the IJ's ruling.  We grant Olivar's petition for

review and remand for further proceedings.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**1.** The IJ found that, if removed to Mexico, Olivar was more likely than not to be institutionalized against his will because of his mental illnesses. The BIA failed to review that factual finding under the clearly erroneous standard of review. *See* 8 C.F.R. § 1003.1(d)(3)(i); *Ridore v. Holder*, 696 F.3d 907, 914-16 (9th Cir. 2012).

The IJ found that any number of likely scenarios could have resulted in Olivar being institutionalized, including Olivar being homeless, engaging in criminal behavior, and relying on government services or emergency medical care. But the BIA required Olivar to establish that a "hypothetical chain of events" was likely to occur, including that Olivar would be unable to find employment, obtain support from his family, and afford medication. In doing so, the BIA impermissibly "substituted its own reading of the evidence for that of the IJ without applying the deference required by the clear error standard of review." *Rodriguez v. Holder,* 683 F.3d 1164, 1176 (9th Cir. 2012).

The BIA also improperly ignored many of the IJ's factual findings. *See Ridore*, 696 F.3d at 917. For example, the BIA did not address the IJ's findings that Olivar would be homeless and that homeless people, even those not mentally ill, are institutionalized in Mexico; that Olivar's behavior, deportation, and reliance

on public health services would bring him to the attention of Mexican authorities; and that Olivar would have difficulty functioning in society even when medicated.

**2.** The BIA correctly held that to establish a likelihood of torture under the CAT, Olivar was required to show that severe pain or suffering would be "specifically intended." *See Villegas v. Mukasey*, 523 F.3d 984, 989 (9th Cir. 2008). We reject Olivar's argument that *Villegas* should be overruled, as no intervening higher authority is clearly irreconcilable with that case. *See Miller v. Gammie*, 335 F.3d 889, 892-93 (9th Cir. 2003) (en banc).

The BIA also concluded that the IJ failed to apply the specific intent standard. That was not improper. Although the conditions could be explained by a specific intent on the part of the Mexican government to harm the patients, they could also be explained simply by a lack of resources to implement reforms.

The BIA erred, however, when it found in the first instance that Olivar did not present sufficient evidence of the requisite specific intent. Federal regulations prohibit the BIA from "engag[ing] in factfinding in the course of deciding appeals." 8 C.F.R. § 1003.1(d)(3)(iv). The BIA may properly identify what is necessary to establish specific intent to harm and conclude that an IJ's factual findings are insufficient to support a finding of such specific intent. But the BIA

erred in this case when it found a fact not in the record, namely, that the Mexican government created the conditions without the specific intent to inflict harm.

We disagree with the Government that remand to the IJ was unnecessary based on the rule that "[a]ny error committed by the IJ will be rendered harmless by the Board's application of the correct legal standard." *Brezilien v. Holder*, 569 F.3d 403, 411 (9th Cir. 2009) (quoting *Ghaly* v. INS, 58 F.3d 1425, 1430 (9th Cir. 1995)) (alteration in *Brezilien*). That rule does not allow the BIA to avoid the prohibition in 8 C.F.R. § 1003.1(d)(3)(iv) against fact-finding by the BIA when, as here, it is not clear from the record that no reasonable fact-finder could find facts necessary to support the petitioner's position.

Based on the BIA's failure to review the IJ's factual findings for clear error, and its improper finding of a fact not in the record, we vacate the BIA's decision. We remand for further proceedings.

**PETITION FOR REVIEW GRANTED; REMANDED.**